UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHELLE L. KAUFFMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 3:07-CV-387 RM |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Plaintiff, Michelle Kauffman, brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. Pursuant to the parties' stipulation, the Commissioner's decision was vacated and the case was remanded to the Social Security Administration for further proceedings. Ms. Kauffman ultimately prevailed and was awarded $77,762.00 in past-due benefits. The Administration withheld $19,440.50 of that amount to pay Ms. Kauffman's attorneys — Joseph Shull (who represented the plaintiff in this court) and Robert Rosenfeld (who represented Ms. Kauffman at the administrative level both before and after the remand). Mr. Rosenfeld received $5,300.00 of that amount for services he provided under 42 U.S.C. § 406(a). Mr. Shull's motion for authorization of attorney fees under § 406(b) now pends before the court.

1

Mr. Shull moved for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in 2008, after the case was remanded. The court found then that Mr. Shull hadn't presented sufficient evidence of prevailing market value to warrant a cost-of-living adjustment, and awarded Mr. Shull fees in the amount of $4,225.00 ($125.00 (the statutory rate) x 33.8 hours). He now seeks attorney fees in the amount of $8,495.90 under 42 U.S.C. § 406(b) for the services he provided in this court.

An attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment..." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The combination of fees awarded under § 406 (a) and (b) cannot exceed twenty-five percent of the past-due benefits awarded, Kopulos v. Barnhart, 318 F.Supp.2d 657, 661 (N.D. Ill. 2004), and while fees may be awarded under both the EAJA and § 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796. *See also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA...is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Shull asks the court to authorize attorney fees in the amount of $8,495.90, which represents the difference between his twenty-five percent

2

contingent fee agreement with Ms. Kauffman and the combination of fees he'd previously requested under the Equal Access to Justice Act ($5,644.60) and fees the Administration had paid to attorney Robert Rosenfeld under 42 U.S.C.§ 406(a) ($5,300.00). The amount is within the parameters of § 406(b) and the contingent fee agreement between Mr. Shull and Ms. Kauffman, but the court must determine whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809. The government doesn't object to Mr. Shull's request; and the amount, when combined with the amount paid to Mr. Rosenfeld, is less than twenty-five percent of the past-due benefits awarded to Ms. Kaufmann. The $8,495.90 requested equates to an effective rate of $251.36 per hour ($8,495.90/33.8 hours), and is reasonable in light of the result achieved in this case, Mr. Shull's experience, the contingent nature of the recovery, and the evidence submitted with respect to the prevailing market rate for similar services.

Accordingly, the motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. No. 34] is GRANTED, and attorney Joseph Shull is awarded fees in the total amount of $8,495.90.

SO ORDERED.

ENTERED:  August 2, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court